***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL NATHANIEL BRIGHT, | : | |
| | : | Civil Action No. 15-8038 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| C. TYSON, et al., | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff Michael Nathaniel Bright asserting various claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). As Plaintiff was previously granted *in forma pauperis* status (ECF No. 3), this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and determine whether it is frivolous, malicious, fails to state a claim for relief, or seeks damages from a defendant who is immune. Also before this Court are Plaintiff's motion for a preliminary injunction or temporary restraining order (Document 7 attached to ECF No. 1), Plaintiff's application for an order to show cause (Documents 11-12 attached to ECF No. 1), and Plaintiff's motion for the appointment of pro bono counsel (Document 5 attached to ECF No. 1). For the following reasons, this Court will dismiss with prejudice Plaintiff's § 1983 claims against Defendant St. Clair and Plaintiff's official capacity claims against all Defendants to the extent Plaintiff seeks money damages; dismiss without prejudice Plaintiff's excessive force, supervisory liability, and false disciplinary report claims; permit Plaintiff's failure to protect claim to proceed as to Defendants Tyson, Cordova, and Storck-Burger; permit Plaintiff's

failure to intervene claim to proceed as to Defendants Tyson and Cordova; and shall deny without prejudice Plaintiff's motion for a preliminary injunction or temporary restraining order, application for an order to show cause, and motion for the appointment of pro bono counsel.

## I. BACKGROUND

Plaintiff is a fifty-six year old convicted state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. (ECF No. 1 at 3, 7). Plaintiff's complaint concerns an attack he suffered in the prison's mess hall during the morning hours of October 24, 2014. (*Id.* at 6). At approximately 7:00 a.m., Plaintiff was standing in line to obtain breakfast. (*Id.*). Plaintiff alleges that, while he was in line, another inmate, Shariff St. Clair, suddenly began to repeatedly strike Plaintiff with his closed fists without any warning or apparent reason. (*Id.*). Plaintiff alleges that, while the attack was going on, two corrections officers, Defendants C. Tyson and Sergeant G. Cordova, were standing in another area of the mess hall having a conversation. (*Id.* at 7). Plaintiff alleges that neither officer took any action to prevent the attack, despite the fact that St. Clair was a known threat who had previously attacked others and who was known to suffer from some form of unstable mental illness. (*Id.*) Plaintiff alleges that even though the officers possessed mace and other equipment, they did not intervene when they saw that St. Clair was beating Plaintiff, and instead called in a response team. (*Id.* at 7-8).

When the response team arrived, they quickly separated Plaintiff and St. Clair. (*Id.* at 8-9). According to Plaintiff, while the two were being separated, St. Clair continued to kick Plaintiff while Plaintiff took no action and gave officers no resistance. (*Id.*). Plaintiff alleges that the response team officers, despite Plaintiff's injuries and lack of resistance, thereafter held him down,

handcuffed him, and ultimately sprayed him with a can of mace. (*Id.*). Based on the apparent altercation between Plaintiff and St. Clair, officers Cordova and Tyson filed charges against Plaintiff and St. Clair for fighting and disrupting the facility's operations, and filed reports in support of those charges asserting that Plaintiff had fought with St. Clair. (*Id.*). The officers' lieutenant, Defendant E. Mercado, signed off on the validity of those reports. (*Id.* at 10).

Following the attack, Plaintiff was taken to the infirmary and treated before being taken to a pre-hearing detention area based on the charges filed. (*Id.* a 9). Because the nurse in the pre-hearing detention area examined Plaintiff and determined he needed more treatment based on injuries suffered in the attack, Plaintiff was ultimately returned to the infirmary. (*Id.* at 10-11). It is not clear whether Plaintiff was returned to pre-hearing detention following further treatment.

Plaintiff received a disciplinary hearing on the charges against him. Based on St. Clair's testimony that he attacked Plaintiff because of the voices in his head, the hearing officer found Plaintiff not guilty of all of the disciplinary charges against him. (*Id.* at 11). Plaintiff thereafter filed various grievances against the officers involved. (*Id.*).

Plaintiff alleges that Defendant L.S. Storck-Burger is a psychiatrist employed at Northern State Prison. (*Id.* at 12). Plaintiff alleges that Storck-Burger oversaw the mental treatment of St. Clair, and was aware that St. Clair had a history of mental illness and frequent violent incidents. (*Id.*). Plaintiff alleges that all of the officers in the facility were also aware of these frequent outbursts and attacks on other inmates. (*Id.*). Plaintiff alleges specifically as to Storck-Burger that she was also aware that St. Clair often failed to take his medications and that, in spite of her knowledge, Storck-Burger approved the release of St. Clair into the general population of the prison without properly monitoring St. Clair's medication. (*Id.*).

3

**II. DISCUSSION**

**A. Legal Standard**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), and in those cases where a prisoner brings suit against the employees of State agencies, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a prisoner bringing suit against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff's complaint presents several claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (the statute provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Based on the allegations contained in Plaintiff's complaint, this Court construes Plaintiff's complaint as asserting failure to protect claims against Defendants Tyson, Cordova, and Stork-Burger;[2] failure to intervene claims against Defendants Tyson and Cordova; excessive force

---

[2] Although Plaintiff names Defendant Mercado in relation to his failure to protect claims, the only facts he pleads against Defendant Mercado refer to the alleged cover up and filing of false

claims against Defendant St. Clair and other unnamed corrections officers, a claim for falsifying reports against Defendants Tyson, Cordova, and Mercado; and a supervisory liability claim against the John and Jane Doe supervisor Defendants. Plaintiff names all of the state employee Defendants in both their official and individual capacities.

**1. Plaintiff's excessive force claims**

Plaintiff's complaint attempts to assert a claim for excessive force against Defendant St. Clair. St. Clair, however, is a fellow inmate and is clearly not a state actor nor was he acting under color of state law when he attacked Plaintiff. Section 1983 does not provide a cause of action against private individuals who are not acting under color of state law. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). As St. Clair is not a state employee, and was clearly not acting under color of state law when he attacked Plaintiff without warning, Plaintiff's § 1983 claim against St. Clair must be dismissed with prejudice.[3] *Id.*

Although Plaintiff's complaint also attempts to plead an excessive force claim relating to the use of a can of mace and restraints against him following the attack, Plaintiff's complaint states that it was unnamed response team officers, rather than Defendants Tyson and Cordova, who restrained him and used mace upon him. Thus, although this Court recognizes that the facts Plaintiff has pled would be sufficient to establish an Eighth Amendment claim for excessive

---

reports. Thus, to the extent that Plaintiff intended to raise a failure to protect claim against Defendant Mercado, it must be dismissed without prejudice for failure to plead sufficient facts. *See Iqbal*, 556 U.S. at 678.

[3] As Plaintiff does not raise any state law claims against St. Clair in his complaint, all claims against St. Clair are currently being dismissed.

force, *see, e.g., Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000), Plaintiff pleads facts which indicate that it was the unnamed response officers, rather than any of the named Defendants, who restrained him and used mace against him.   As such, Plaintiff has not made out an excessive force claim against any of the named Defendants, and his excessive force claims must therefore be dismissed.   Because Plaintiff could amend his complaint either to name those response officers or to clarify that it was a named Defendant, rather than the response officers, who restrained him and used mace against him, this Court will dismiss those claims without prejudice.

2.  **Plaintiff's official capacity claims**

Plaintiff names all of the state employee Defendants in both their individual and official capacities.   A suit against a state employee, however, represents only an alternative means by which to bring suit against the entity by which he is employed.   *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *see also Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *see also Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 71 (1989).   A suit against the state or against one of its departments is therefore essentially "no different from a suit against the state itself."   *Grohs*, 984 F. Supp. 2d at 280.   Because suits for money damages against the state, its agencies, or its departments are barred by the Eleventh Amendment, and because the New Jersey Department of Corrections and the prisons it operates are not "persons" amenable to suit under § 1983, an officer or employee of the Department or Northern State Prison may not be sued for money damages under the statute in his official capacity.   *Id.; see also Ewing v. Cumberland Cnty.*, No. 09-5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25,

7

2015); *Brown v. New Jersey Dep't of Corr.*, No. 12-5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Thus, to the extent Plaintiff seeks money damages, his claims against Defendants Tyson, Mercado, Cordova, Storck-Burger, and the John and Jane Doe Defendants must be dismissed with prejudice. Plaintiff's official capacity claims seeking injunctive relief, however, shall not be dismissed.

### 3. Plaintiff's false report claims

Plaintiff also alleges that Defendants Tyson, Mercado, and Cordova filed false reports in an attempt to cover up the beating he suffered at St. Clair's hands. Essentially, Plaintiff is asserting that these Defendants filed a false disciplinary charge against him and filed falsified reports in support of those charges. "[T]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights." *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012). Where false disciplinary charges are filed, those charges and reports do not constitute a claim under § 1983 so long as the inmate was provided with a hearing and opportunity to rebut the charges in accordance with the Due Process Clause. *See Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *see also Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, Plaintiff asserts that the three Defendants filed false reports, but he also asserts that he received a hearing and was found not guilty of the disciplinary charges, apparently based on a video of the incident and the testimony of St. Clair that he attacked Plaintiff based on the

voices in his head. Plaintiff does not allege that his disciplinary hearing violated his Due Process rights. Plaintiff's filing of false charges and reports claim therefore fails to state a claim for relief and must be dismissed without prejudice at this time.

**4. Plaintiff's supervisory liability claims against the John and Jane Doe Defendants**

Plaintiff also attempts to assert a supervisory liability claim against the John and Jane Doe Defendants, all of whom are meant to represent individuals who control and operate Northern State Prison. Plaintiff, however, provides only limited allegations as to how these Defendants were involved in this matter, instead insisting that they are responsible, indirectly, for the actions of the other Defendants through their own deliberate indifference. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08, *see also Iqbal*, 556 U.S. at 676-77 (Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," a civil rights plaintiff must plead that each defendant "through the official's own individual actions, has violated the constitution"); *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"). Supervisory liability under § 1983 is therefore normally established by showing "liability based on an establishment of policies, practices or customs that directly caused the constitutional violation [or] personal liability based on the supervisor

participating in the violation of [the p]laintiff's rights, directing others to violate [the p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)).

Claims that a supervisor failed to properly train or discipline his subordinates fall within the category of violations based upon policies, practices, or customs. *Id.* Establishing liability based on a failure to train or discipline, or failure to adopt policies generally requires that the plaintiff plead facts establishing a "pattern of similar constitutional violations by untrained employees [sufficient] to demonstrate deliberate indifference." *Connick v. Thompson*, --- U.S. ----, ---, 131 S. Ct. 1350, 1360 (2011). Where a policymaker continues to adhere to current policies which have previously failed to prevent tortious conduct, that policy maker may be fairly attributed with deliberate indifference. *Id.* Where no such pattern has been shown, however, a policy maker may not be found liable for deficient training or policies because the supervisor is not on notice that the current policies are inadequate. *Id.*

Here, Plaintiff provides what is essentially a rote and formulaic recitation of the elements of a cause of action for supervisory liability based on a failure to train or adopt policies. Plaintiff pleads no facts which support the contention that there has been a pattern of tortious behavior on the part of officers, and certainly none which would place the supervisory John and Jane Doe Defendants on notice. Instead, Plaintiff merely asserts that they have acted with deliberate indifference and failed to properly discipline employees and failed to adopt adequate policies to deal with assaults and the use of excessive force in Northern State Prison. Plaintiff

10

has therefore not pled a plausible claim for supervisory liability based on his current complaint because a formulaic recitation of the elements of supervisory liability, without sufficient factual support to make that recitation plausible, as is presented in this complaint, is insufficient to state a claim for relief under federal pleading standards.  *Iqbal*, 556 U.S. at 678.  As such, this Court will dismiss Plaintiff's supervisory claims against the John and Jane Doe Defendants without prejudice.

5. **Plaintiff's remaining failure to protect and failure to intervene claims**

This Court has reviewed Plaintiff's remaining failure to protect and failure to intervene claims, and finds no basis to dismiss those claims at this time.  This Court will therefore permit Plaintiff's failure to protect claims to proceed against Defendants Tyson, Cordova, and Storck-Burger; and shall permit Plaintiff's failure to intervene claims to proceed against Defendants Tyson and Cordova at this time.

6. **Plaintiff's application for an order to show cause why he should not be granted a temporary restraining order and/or preliminary injunction**

Plaintiff also attaches to his complaint a request for a preliminary injunction and temporary restraining order and an application requesting that this Court enter an order to show cause why he should not be granted such an injunction.  (Documents 8-12 attached to ECF No. 1).  In his request, however, Plaintiff seeks to enjoin Defendants essentially from engaging in unlawful conduct through the use of excessive force and the failure to protect him in so much as Plaintiff requests an injunction barring Defendants from using mace upon him except where

11

necessary under the circumstances, to refrain from using excessive force upon him save where justified under the circumstances, and to refrain from failing to protect him from victimization within the prison.   (*See* Document 8 attached to ECF No. 1 at 3).   Injunctive relief, however, is an "extraordinary remedy, which should be granted only in limited circumstances."   *Novartis Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).   In order to show that he is entitled to such relief, a plaintiff must

> demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest."   *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).   A plaintiff must establish that all four factors favor preliminary relief.   *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187 (3d Cir. 1990).

*Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012).

The restraining order or injunction Plaintiff seeks would be utterly without purpose. This is so because Defendants are already legally prohibited from using excessive force against Plaintiff and from failing to protect Plaintiff where they are adequately on notice of the dangers he faces.   *See, e.g., Matarese v. Archstone Cmtys., LLC*, 468 F. App'x 283, 284-85 (4th Cir. 2012) (injunction that does nothing more than force defendants to follow laws they are already required to follow is improper).   In any event, Plaintiff has at this juncture shown only that his claims are sufficient to pass the screening stage, and there is insufficient information to determine the likelihood of his success on the merits. Likewise, because Defendants are already required not to use excessive force or fail to protect Plaintiff from legitimate danger, Plaintiff has not given this Court any reason to believe that he will be subjected to any such illegal activities

12

in the future and thus there is no reason to believe that Plaintiff will suffer irreparable harm without the requested injunction. As such, this Court denies Plaintiff's motion for a preliminary injunction or temporary restraining order as well as Plaintiff's application for an order to show cause. *See Ward,* 2012 WL 2341499 at *1.

**7. Plaintiff's motion for pro bono counsel**

Finally, Plaintiff moves this court to appoint pro bono counsel in this matter. (Document 5 attached to ECF No. 1). In support of his motion, Plaintiff states that he cannot afford counsel, that he has limited access to law libraries, that he has little knowledge of the law, that the interests of justice would be served by the appointment of counsel, and that the issues presented in Plaintiff's complaint are complex. Petitioner provides no additional support for these assertions.

District courts have wide discretion with which to decide when a request for appointed counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, courts must first determine whether a plaintiff's claims have merit; where a plaintiff presents meritorious claims and has shown his indigence the court must weigh the relevant factors to determine whether counsel should be appointed. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether

13

expert testimony will be required to resolve the case. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. These factors are not exhaustive of all those a court may consider, and a court is free to consider any other relevant factors in making its determination. *Montgomery*, 294 F.3d at 499.

In this case, Plaintiff has shown that he is indigent in his application for *in forma pauperis* status, which this Court granted, and this Court therefore accepts Plaintiff's assertion that he is unable to retain counsel. Nevertheless, the appointment of counsel is not warranted in this case. Plaintiff has presented two straightforward claims which this Court will permit to proceed: a failure to protect claim, and a failure to intervene claim. Neither claim is especially complex, and Plaintiff has shown in his complaint adequate ability to present those claims. It is unlikely that extensive investigation will be necessary in this matter, and the State will likely be required to provide most, if not all, of the discovery necessary to decide Plaintiff's claims. It is also highly unlikely that expert testimony will be necessary in this case. Although credibility questions will likely arise, that there is a video of the alleged incident suggests that credibility will not be the central and sole determining factor in this case. Thus, having considered the relevant factors, this Court determines that the appointment of counsel is not warranted at this time. Plaintiff's application for pro bono counsel shall therefore be denied without prejudice at this time.

### III. CONCLUSION

For the reasons stated above, this court will dismiss Plaintiff's § 1983 claims against Defendant St. Clair with prejudice, Plaintiff's excessive force claims will be dismissed without prejudice, Plaintiff's false disciplinary report and supervisory liability claims will be dismissed without prejudice as to all Defendants, Defendants Mercado and the John and Jane Doe Defendants will be dismissed without prejudice, and Plaintiff's official capacity claims shall be dismissed with prejudice as to all Defendants to the extent Plaintiff seeks money damages.   This Court will allow Plaintiff's failure to protect and failure to intervene claims to proceed against the remaining Defendants.  This Court will also deny without prejudice Plaintiff's motion for a preliminary injunction or temporary restraining order, Plaintiff's application for an order to show cause, and Plaintiff's motion for pro bono counsel.   An appropriate order follows.


December 18, 2015                              _s/ **Susan D. Wigenton**_
                                                                Hon. Susan D. Wigenton,
                                                                United States District Judge