**\*NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL NATHANIEL BRIGHT, | : | |
| | : | Civil Action No. 15-8038 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| C. TYSON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Currently before the Court is Defendant Lauren Storck-Burger's motion to dismiss Plaintiff's complaint brought pursuant to Fed. R. Civ. P. 12(b)(5). (ECF No. 10). Petitioner has filed a response to the motion in the form of a motion to strike (ECF No. 12), to which Defendant Storck-Burger replied (ECF No. 13). For the following reasons, this Court will grant Defendant's motion only to the extent that Plaintiff's service of the complaint upon her shall be quashed, will deny Plaintiff's motion to strike, and will direct the U.S. Marshals Service to reattempt service upon Defendant Storck-Burger within a reasonable period of time.

## I.  BACKGROUND

Plaintiff is a convicted state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. (ECF No. 1 at 3, 7). In November 2015, Plaintiff filed a complaint against various Defendants, including Defendant Storck-Burger, raising civil rights claims arising out of an attack he suffered in October 2014. (*Id.* at 6). According to Plaintiff's complaint, Defendant Storck-Burger is a psychiatrist employed at Northern State Prison.

In December of 2015, this Court granted Plaintiff *in forma pauperis* status, entitling him to service of his complaint by the United States Marshals.   On December 18, 2015, this Court entered an order and opinion screening Plaintiff's complaint and permitting it to proceed in part. (ECF Nos. 3-4).   Among those claims permitted to proceed were Plaintiff's claims against Defendant Storck-Burger.   (*Id.*).   In the December 18, 2015 Order, this Court specifically directed the Marshals to serve the complaint upon Defendants.   (ECF No. 4).

Following Plaintiff's return of the USM 285 Forms in which Plaintiff provided the Marshals with the information he wished for them to use to serve Defendants, the Marshals attempted service upon Defendant Storck-Burger.   (ECF Nos. 7, 9).   According to the Marshals, a summons and complaint were served upon Defendant on January 27, 2016, when the papers were "taken by . . . Glorym[ar Cournier-]Torres (Med. Dept. Dept. Risk Ma[na]ger)."   (ECF No. 9). The Marshals served Defendant in this manner as Plaintiff had stated on the USM 285 form that Defendant "is employed at Northern State Prison and the estimated times for service would be between the hours of 9:00 am to 5:00 pm Monday through Friday."   (*Id.*).

On February 18, 2016, Defendant Storck-Burger filed the instant motion to dismiss brought pursuant to Rule 12(b)(5).   (ECF No. 10).   Defendant attached to that motion a certification signed by Glorymar Cornier-Torres.   (Document 1 attached to ECF No. 10).   According to the certification, Ms. Cornier-Torres is a Department Nurse Manager employed by Rutgers University Correctional Healthcare at Northern State Prison.   (*Id.* at 1).   Ms. Cornier-Torres states that on January 26, 2016, Deputy U.S. Marshal Patrick Higgins came into the lobby of the prison and attempted to serve Defendant, at which point Cornier-Torres told him that she could not accept the summons on Defendant's behalf.   (*Id.*).   Ms. Cornier-Torres further states that Deputy Higgins

Case 2:15-cv-08038-SDW-SCM   Document 18   Filed 06/06/16   Page 3 of 7 PageID: 256

still left the summons and complaint in the lobby and "stated that he was permitted to do so because Northern State Prison was the work site for Ms. Storck-Burger."   (*Id.* at 2).   Finally, Ms. Cornier-Torres states that she "did not accept service of the Summons and Complaint."   (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a district court may dismiss a case based upon the "insufficiency of service of process."   "The party asserting the validity of service bears the burden of proof on that issue."   *Grand Entm't Grp. V. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).   District courts have broad discretion in deciding a motion brought pursuant Rule 12(b)(5), and where service is deficient may either dismiss the complaint for failure to effect service or quash service of process as to the defendant in question.   *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).   "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action[; in such situations,] courts [should instead] elect to quash service and grant plaintiff additional time to properly serve the defendant."   *Ramada Worldwide, Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013); *see also Woog*, 969 F.2d at 30.

3

**B.   Analysis**

The sole issue before the Court at this time is whether Defendant was properly served by the U.S. Marhalls through delivery of the summons and complaint to Ms. Cournier-Torres in January 2016.[1]   Service upon an individual within the jurisdiction of this Court is controlled by Federal Rule of Civil Procedure 4(e), which provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Although the parties disagree as to whether service was effected in this matter, they do agree that Defendant was neither served personally, nor at her dwelling or place of abode.   (ECF Nos. 10, 12).   The Parties likewise agree that the applicable state rule for service, N.J. Court

---

[1] Although the USM 285 Form and Ms. Cournier-Torres's certification differ on the exact date that service was attempted, January 26 or January 27, neither party argues that the Form refers to an attempt to serve Defendant on an occasion other than that discussed in Ms. Cournier-Torres's certification.   As such, this Court assumes for the purposes of this opinion that one or the other simply misstates the correct date.

Rule 4:4-4(a)(1, essentially tracks the Federal Rule.   (Document 2 attached to ECF No. 10 at 3;

Document 1 attached to ECF No. 12 at 5-6).   This Court agrees.   *See, e.g., Nyholm v. Price*, 259

F.R.D. 101, 104 n. 3 (D.N.J. 2009).   Thus this Court is required to determine whether Plaintiff

has shown that the Marshals in this matter successfully "deliver[ed] a copy [of the summons and

complaint] to an agent authorized by appointment or by law to receive service of process."   Fed.

R. Civ. P. 4(e)(2)(C).

As was explained in *Nyholm*,

> [a]gency appointment for purposes of service of process usually
> requires an "actual appointment for the specific purpose of receiving
> process."   *Dunkley v. Rutgers*, 2007 WL 2033827, at *2 (D.N.J.
> July 11, 2007) (citing *Local 617, Int'l Brotherhood of Teamsters v.
> Hudson Bergen Trucking Co.*, 182 N.J. Super. 16, 440 A.2d 18
> (App. Div. 1981)).   To determine whether an actual appointment
> existed,
>
>> courts will generally "look to the circumstances of
>> the agency relationship, and although authority to
>> accept process need not be explicit, it must be either
>> expressed or implied from the type of relationship
>> between the [Defendant] and the alleged agent.
>> Additionally, there must be evidence that
>> [Defendant] intended to confer such authority upon
>> the agent.   The requisite intent may be implied from
>> . . . the circumstances surrounding the service upon
>> the agent."
>
> *Id.* (quoting *Local 617*, 182 N.J. Super. a 20[]).   Significantly,
> "[t]he burden remains on the plaintiff to prove that an agency
> relationship existed between the [Defendant] and [the individual
> who accepted service]."   *Id.*

*Nyholm*, 259 F.R.D. at 104.

In this matter, the Marshals attempted to serve Defendant by giving the paperwork to Ms.

Cournier-Torres who specifically told them that she could not accept service on Defendant's

behalf.   Ms. Cournier-Torres further certifies that the Marshal then left the summons and

complaint with her in any event.   Petitioner, who bears the burden of showing proper service has

provided no evidence which would suggest that any individual actually accepted service other

than the Marshals' USM 285 form, let alone that such individual was actually authorized to

receive service.   Even if one were to accept that the USM 285 form established acceptance even

in the face of Ms. Cournier-Torres's certification to the contrary, Plaintiff has provided no

evidence which would establish that Ms. Cournier-Torres was authorized to receive service for

Defendant.   Plaintiff has presented no facts which would establish an agency relationship

between Ms. Cournier-Torres and Defendant, nor which would even imply that Defendant

intended Ms. Cournier-Torres to have the authority to accept service on her behalf.   As Plaintiff

has failed to provide any such facts, Plaintiff has failed to meet his burden of establishing that

service was properly made in this matter.   Thus, this Court is inclined to grant Defendant's

motion.   *See Nyholm*, 259 F.R.D. at 104.

Because service in this matter is being handled by the U.S. Marshals acting on Plaintiff's

behalf pursuant to 28 U.S.C. § 1915, however, the question of remedy still remains.   *Id.* at 105.

Because there is nothing in the record to suggest that it is unlikely that Defendant could be

served by the Marshals, the dismissal of the complaint would be inappropriate at this time.

*Woog*, 969 F.2d at 30.   This Court will instead grant the motion only to the extent that the

Marshals first attempt at serving Defendant will be quashed.   *Id.*   As that attempt at service will

be quashed, and because Plaintiff is entitled to service by the Marshals pursuant to § 1915, this

Court will direct the U.S. Marshal Service to re-serve Defendant in accordance with Federal Rule

of Civil Procedure 4(e) within a reasonable time.   *See Nyholm*, 259 F.R.D. at 105.   Finally,

because this Court will grant Defendant's Rule 12(b)(5) motion at least to the extent of quashing service, Defendant's motion is not an inadequate responsive filing, and Plaintiff's motion to strike that filing will be denied.   *See* Fed. R. Civ. P. 12(f); *see also Jones v. United States*, No. 10-3502, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (noting that motions to strike are disfavored and usually will be denied unless the allegations in the filing to be struck "have no possible relation to the controversy" and may prejudice one of the parties or confuse the issues involved in the case).

## III. CONCLUSION

For the reasons stated above, this court will GRANT Defendant Storck-Burger's motion to dismiss only to the extent that the Marshal's service of the complaint upon her shall be quashed; will DENY Plaintiff's motion to strike Defendant's motion to dismiss; and the U.S. Marshals Service shall be directed to reattempt service upon Defendant Storck-Burger within a reasonable time.   An appropriate order follows.

Dated: January 6, 2016                              *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge