UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

August 16, 2016

## LETTER ORDER/OPINION

Re: D.E. 30, Second Motion for Appointment of *Pro Bono* Counsel

**Bright v. Tyson**
**Civil Action No. 15-cv-8038 (SDW)(SCM)**

Dear Litigants:

This matter comes before the Court upon review of Plaintiff, Michael Bright's ("Mr. Bright") renewed Motion to Appoint *Pro Bono* Counsel.[1] The Court previously denied Mr. Bright's application to appoint counsel.[2] For the foregoing reasons, Mr. Bright's renewed Motion is **denied**.

First, thus far Mr. Bright has been able to adequately present his case. A lack of formal legal training alone is insufficient to warrant the appointment of counsel.[3] Courts typically also do not appoint counsel despite a plaintiff's lack of access to a prison law library.[4] While his papers may "lack the force and clarity one expects from an attorney, this does not mean that [his] request for counsel should be granted."[5] Although Mr. Bright claims that he only has a high school education, no legal education, and limited access to legal materials and the law library, he has demonstrated an ability to articulate the legal relief he seeks.[6] He has also filed motions and reply briefs without the assistance of counsel.[7] Mr. Bright's ability to pursue his claims are not impeded by his professed limitations. For these reasons, the first *Tabron* factor weighs against appointment.

---

[1] (ECF Docket Entry No. ("D.E.") 30). The Court will consider Mr. Bright's request under the *Tabron* post-threshold factors. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993); *see also Parham v. Johnson*, 126 F.3d 454, 461 (3d. Cir. 1997).

[2] (D.E. 3, Opinion at 14).

[3] *See, e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010).

[4] *See Brown v. Grey*, No. 14-4800, 2016 WL 3388301, at *2 (D.N.J. June 14, 2016) (additional citations omitted).

[5] *Id.*

[6] (D.E. 30 at 3-4 and 9-10).

[7] *See, e.g.*, (D.E. 1, Complaint et al); (D.E. 12, Plaintiff's Motion to Strike and Opposition to Defendant's Motion to Dismiss); (D.E. 31, Motion to Amend Complaint).

Second, the legal issues underlying Mr. Bright's case are not complex. Case law regarding actions arising under 28 U.S.C. § 1983 is well developed and courts usually do not appoint *pro bono* counsel in such instances.[8] Mr. Bright asserts that the number of claims and defendants makes this a factually complex case and presents complex legal issues in determining liability.[9] The factual and legal issues have not changed since the Court's previous denial to appoint *pro bono* counsel. Thus, the second *Tabron* factor also weighs against appointment of counsel.

Third, Mr. Bright has not demonstrated an inability to conduct discovery regarding his allegations. Courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[10] "Courts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims."[11] Appointment of counsel may be warranted when a case requires a significant degree of factual investigation, extensive discovery requests, expert testimony, or compliance with complex discovery rules.[12]

While Mr. Bright claims that factual discovery will be difficult, he has neither shown nor demonstrated undue difficulty in trying to obtain relevant institutional records and documents, apart from stating that he is "locked up and has no ability to investigate facts."[13] Mr. Bright is a party to the incidents from which his claims arise, thus he is familiar with the facts of his case. Courts have found that a plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery.[14] Unlike in cases where documents are missing or where defendants are resistant in responding to discovery requests, such situations do not appear to exist in the present matter.[15] It appears that Mr. Bright was denied access to a video recording of the incident underlying his present claims during a disciplinary hearing; however, it is unclear whether he has encountered similar difficulty during discovery for the present matter.[16] Mr. Bright has access to the discovery tools in Fed. R. Civ. P. 26 to investigate his claims. At this time, the third *Tabron* factor weighs against appointment of counsel.

---

[8] *Brown*, 2016 WL 3388301, at *2 (additional citation omitted).

[9] *Id.* at 7 and 10.

[10] *Tabron*, 6 F.3d at 156.

[11] *Montgomery v. Pinchak*, 294 F.3d 492, 503 (3d. Cir. 2002) (citing *Parham*, 126 F.3d at 460).

[12] *Brown*, 2016 WL 3388301 at *1 (citing *Tabron*, 6 F.3d at 155).

[13] (D.E. 30 at 3 and 8).

[14] *See Terrell v. Hendricks*, No. 11-00832, 2012 WL 2341418, at *3 (D.N.J. June 15, 2012) (additional citation omitted).

[15] *See Stallings v. Cruz*, No. 15-7488, 2016 WL 3946772, at *3 (D.N.J. July 18, 2016) (citing *Montgomery*, 294 F.3d at 503–04, finding that plaintiff's inability to participate in factual discovery was persuasive to warrant appointment of counsel where missing key records prevented him from building a sufficient case through document requests and he encountered significant resistance in responding to discovery motions, including defendants' failure to respond to plaintiff's interrogatories); *Wolfe v. Kaminski*, No. 14-1956, 2015 WL 4126562, at *3 (D.N.J. July 8, 2015) ("Courts often deny applications for *pro bono* counsel where plaintiffs do not demonstrate that it will be difficult to obtain relevant records.").

[16] *See* (D.E. 30 at 6).

Fourth, the extent to which this case may turn on credibility determinations is unclear. "[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified."[17] Mr. Bright asserts that there is conflicting testimony, and that there will be a credibility contest between the parties.[18] At this stage of litigation, it is premature for the Court to determine credibility issues.

Fifth, at this juncture, it is unclear whether expert testimony is required. This case involves constitutional violations against prisoner correctional officers and a medical staff personnel for failure to protect and failure to intervene.[19] Mr. Bright believes that this case may require expert testimony.[20] Given the nature of his allegations, the case appears to depend more on the facts deduced rather than on any expert testimony. Thus, the fifth *Tabron* factor currently weighs against appointment.

Mr. Bright does not discuss the sixth factor, whether he can afford counsel on his own behalf. The Court previously granted Mr. Bright's application to proceed *in forma pauperis*, and acknowledges his limited financial means.[21] Although this factor weighs slightly in his favor, indigency alone, absent satisfaction of other *Tabron* post-threshold factors, does not warrant the appointment of counsel.[22]

Because the balance of factors weights against appointment of counsel at this time, Mr. Bright's renewed Motion is denied.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/16/2016 2:45:23 PM

c (via ECF):
All Counsel

---

[17] *Tabron*, 6 F.3d at 155.

[18] (D.E. 30 at 3 and 9).

[19] *See* (D.E. 3 at 1-2).

[20] (D.E. 30 at 2).

[21] (D.E. 2).

[22] *See Christy v. Robinson*, 216 F.Supp. 2d 398, 410 (D.N.J. 2002).

c (via U.S. Mail R.R.R.):

Michael Nathaniel Bright
Prisoner No. 454004, SBI No. 000918130A
Northern State Prison
168 Frontgate Road
P.O. Box 2300
Newark, NJ 07114