# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

October 4, 2016

**LETTER ORDER/OPINION**

Re:   D.E. 31, Plaintiff's Request for Leave to File an Amended Complaint
      **Bright v. Tyson, et al.**
      **Civil Action No. 2:15-cv-8038 (SDW)(SCM)**

Dear Litigants:

This matter comes before the Court by way of Plaintiff Michael Bright's ("Mr. Bright") request for leave to file an amended complaint against Defendants, Gervasio Cordova and Christopher Tyson ("State Defendants") and two new defendants.[1] Mr. Bright seeks to amend his complaint to add a claim under Title II of the Americans with Disabilities Act of 1990 ("ADA"), and name two additional defendants, hearing officer Jack Osvalt ("Officer Osvalt") and corrections officer Vanessa Warren ("Sco Warren").[2] In opposition, the State Defendants argue the proposed amendments are untimely and futile because the claims would not survive a motion to dismiss.[3]

---

[1] (ECF Docket Entry ("D.E.") 31).

[2] (*Id.* at 6-7). *See* 42 U.S.C. §§ 1231, 1232.

[3] (D.E. 38 at 4-6).

There was no oral argument. For the reasons set forth herein, Mr. Bright's request for leave to file an amended complaint is denied.

I.      MAGISTRATE JUDGE AUTHORITY

"The decision to grant a motion for leave to amend is within the sound discretion of the District Court."[4] The District Court for this District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[5] "Motions to amend are usually considered non-dispositive motions."[6] A magistrate judge's decision on a motion to amend must therefore be upheld unless "clearly erroneous or contrary to law." [7]

II.      LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a district court "should freely give leave" to amend pleadings "when justice so requires."[8] A district court may alternatively deny a motion to amend where the amendment would result in undue delay, prejudice, or futility.[9] "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."[10] Thus in determining

---

[4] *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

[5] *See* L. Civ. R. 72.1(a)(1).

[6] *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *See Winer Family Tr.*, 503 F.3d at 330-31.

[10] *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 488–89 (D.N.J. 2014) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000)).

futility the same legal standard employed under a Rule 12(b)(6) motion to dismiss is applied.[11] The Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff;" however, it "need not accept sweeping legal conclusions cast in the form of bald assertions, unwarranted inferences, or unsupported conclusions." [12] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

### III. THE PROPOSED AMENDMENT

This matter involves allegations of civil rights violations for assault and the misuse of force which occurred on October 24, 2014. Mr. Bright, a state prisoner proceeding *in forma pauperis*, filed his initial complaint on November 12, 2015.[15] The Court dismissed a number of Mr. Bright's claims but allowed his claims for failure to protect and failure to intervene to proceed against the State Defendants.[16] On July 28, 2016, Mr. Bright filed a motion for leave to file an amended complaint.[17] The proposed amended complaint seeks to add an ADA claim, and name Officer

---

[11] *See id.* at 488-89 (internal citations omitted).

[12] *Winer Family Tr.*, 503 F.3d at 331; *Gutwirth*, 38 F. Supp. 3d at 489 (internal citations and quotation marks omitted).

[13] *Gutwirth*, 38 F. Supp. 3d at 489 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

[14] *Matthews v. New Jersey Inst. of Tech.*, 717 F. Supp. 2d 447, 451 (D.N.J. 2010) (quoting *Ashcroft*, 556 U.S. at 662).

[15] (D.E. 1, 2).

[16] (D.E. 4).

[17] (D.E. 31).

Osvalt, and Sco Warren as defendants.[18] According to the moving papers, Officer Osvalt denied Mr. Bright's due process rights by incorrectly stating that he "did not request witnesses or request documentation/video recordings of the incident that occurred on October 24, 2014."[19] With regard to Sco Warren, Mr. Bright alleges she was present and witnessed the excessive force applied on the date of the incident, giving rise to his present claims.[20]

The ADA applies to prison programs.[21] To establish a prima facie claim under Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability;" "that he was excluded from a service, program, or activity of a public entity;" and "that he was excluded because of his disability."[22] While Mr. Bright sets forth factual allegations, he has failed to submit a proposed amended complaint. The Third Circuit has explicitly stated that the failure to submit a draft amended complaint "is *fatal* to a request for leave to amend."[23] Since Mr. Bright has not properly moved to amend his complaint, the Court finds that it must deny the deficient request to amend.

For these reasons, Mr. Bright's request for leave to file an amended complaint is **DENIED**. The Clerk's Office shall provide Plaintiff Bright with a copy of this letter.

---

[18] (*Id.*).

[19] (*Id.* at 6-7).

[20] (*Id.* at 6).

[21] *Yeskey v. Pennsylvania Dept. of Corr.*, 118 F.3d 168, 172 (3d Cir. 1997). *See* § 12131(1).

[22] *Disability Rights New Jersey, Inc. v. Comm'r, New Jersey Dep't of Human Services*, 796 F.3d 293, 301 (3d Cir. 2015).

[23] *McWreath v. Range Resources-Appalachia, LLC*, 645 F. App'x 190, 196 (3d Cir. 2016) (internal citations omitted) (emphasis added).

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/4/2016 7:21:17 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

    File
c (via U.S. Mail):

Michael Nathaniel Bright
Prisoner No. 454004
SBI#000918130A
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114-2300

5