***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL NATHANIEL BRIGHT, | : : : : : : : : : : : | Civil Action No. 15-8038 (SDW) |
| Plaintiff, | | |
| v. | | **OPINION** |
| C. TYSON, et al., | | |
| Defendants. | | |

**WIGENTON**, District Judge:

Currently before the Court is Defendant Lauren Storck-Burger's motion to dismiss Plaintiff Michael Nathaniel Bright's complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34). Plaintiff has filed a response to the motion (ECF No. 39), to which Defendant has replied. (ECF No. 45). For the following reasons, this Court will deny the motion.

**I. BACKGROUND**

In the opinion screening Plaintiff's complaint, this Court summarized the facts alleged in Plaintiff's complaint as follows:

> Plaintiff is fifty-six year old convicted state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. (ECF No. 1 at 3, 7). Plaintiff's complaint concerns an attack he suffered in the prison's mess hall during the morning hours of October 24, 2014. (*Id.* at 6). At approximately 7:00 a.m., Plaintiff was standing in line to obtain breakfast. (*Id.*). Plaintiff alleges that, while he was in line, another inmate, Shariff St. Clair, suddenly

began to repeatedly strike Plaintiff with his closed fists without any warning or apparent reason.  (*Id.*).  Plaintiff alleges that, while the attack was going on, two corrections officers, Defendants C. Tyson and Sergeant G. Cordova, were standing in another area of the mess hall having a conversation.  (*Id.* at 7).  Plaintiff alleges that neither officer took any action to prevent the attack, despite the fact that St. Clair was a known threat who had previously attacked others and who was known to suffer from some form of unstable mental illness.  (*Id.*)  Plaintiff alleges that even though the officers possessed mace and other equipment, they did not intervene when they saw that St. Clair was beating Plaintiff, and instead called in a response team.  (*Id.* at 7-8).

When the response team arrived, they quickly separated Plaintiff and St. Clair.  (*Id.* at 8-9).  According to Plaintiff, while the two were being separated, St. Clair continued to kick Plaintiff while Plaintiff took no action and gave officers no resistance.  (*Id.*).  Plaintiff alleges that the response team officers, despite Plaintiff's injuries and lack of resistance, thereafter held him down, handcuffed him, and ultimately sprayed him with a can of mace.  (*Id.*).  Based on the apparent altercation between Plaintiff and St. Clair, officers Cordova and Tyson filed charges against Plaintiff and St. Clair for fighting and disrupting the facility's operations, and filed reports in support of those charges asserting that Plaintiff had fought with St. Clair.  (*Id.*).  The officers' lieutenant, Defendant E. Mercado, signed off on the validity of those reports.  (*Id.* at 10).

Following the attack, Plaintiff was taken to the infirmary and treated before being taken to a pre-hearing detention area based on the charges filed.  (*Id.* a 9).  Because the nurse in the pre-hearing detention area examined Plaintiff and determined he needed more treatment based on injuries suffered in the attack, Plaintiff was ultimately returned to the infirmary.  (*Id.* at 10-11).  It is not clear whether Plaintiff was returned to pre-hearing detention following further treatment.

Plaintiff received a disciplinary hearing on the charges against him.  Based on St. Clair's testimony that he attacked Plaintiff because of the voices in his head, the hearing officer found Plaintiff not guilty of all of the disciplinary charges against him.  (*Id.* at 11).  Plaintiff thereafter filed various grievances against the officers involved.  (*Id.*).

> Plaintiff alleges that Defendant [Lauren] Storck-Burger is a psychiatrist employed at Northern State Prison. (*Id.* at 12). Plaintiff alleges that Storck-Burger oversaw the mental treatment of St. Clair, and was aware that St. Clair had a history of mental illness and frequent violent incidents. (*Id.*). Plaintiff alleges that all of the officers in the facility were also aware of these frequent outbursts and attacks on other inmates. (*Id.*). Plaintiff alleges specifically as to Storck-Burger that she was also aware that St. Clair often failed to take his medications and that, in spite of her knowledge, Storck-Burger approved the release of St. Clair into the general population of the prison without properly monitoring St. Clair's medication. (*Id.*).

(ECF No. 3 at 2-3).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

Defendant Storck-Burger seeks the dismissal of Plaintiff's claims against her for failure to state a claim for relief. As stated in this Court's prior screening opinion, Plaintiff has essentially pled a claim against Storck-Burger for failure to protect him from attack from another inmate named St. Clair. To state a claim for failure to protect in violation of the Eighth Amendment, a plaintiff "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official acts with deliberate indifference where she knows of and disregards a substantial risk of serious harm to an inmate's health or safety. *Farmer*, 511 U.S. at 837. For the purposes of such a claim, it does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843.

In her motion to dismiss, Defendant Storck-Burger makes two arguments – first, that Plaintiff lacks standing to raise a claim on behalf of St. Clair challenging the level of treatment she provided St. Clair, and second that Plaintiff's failure to protect claim fails to state a claim against her. As to Defendant's first argument, it does not appear that Plaintiff intends to raise a claim on behalf of St. Clair challenging his treatment, instead it is clear that Plaintiff is

4

attempting to raise a claim against Storck-Burger based on her recommendation that St. Clair be released back into the prison's general population, which Plaintiff contends placed all prisoners likely to run into St. Clair at risk. Thus, Defendant's first argument is inapposite as it addresses a claim Plaintiff does not appear to be making.

In her second argument, Defendant essentially avers that Plaintiff has failed to present any facts which would permit the Court to infer that she was in any was responsible for the harm that befell Plaintiff. Defendant suggests both that there is no basis for holding a psychiatric professional responsible for the actions of her patients and that a history of violent incidents is insufficient to state a claim for failure to protect. Underlying Defendant's arguments is her assertion that she had no responsibility for the safekeeping of Plaintiff, and thus she lacked any duty to take action to protect him from any danger St. Clair posed. That assertion, however, appears to be mistaken. *See, e.g., Baskerville v. Jackson*, No. , 2016 WL 4487851, at *3 (D.N.J. Aug. 24, 2016) (psychological professional can be held liable for failure to protect where one of his patients, known to have a history of violent outbursts, attacked and injured another inmate); *see also Runyon v. Smith*, 163 N.J. 439, 441 (2000) (holding that "in certain circumstances a psychologist may have a duty to warn and protect third parties . . . from imminent, serious physical violence. As part of that duty, the psychologist would be required to disclose confidential information obtained from a patient."). Thus, if Plaintiff has adequately pled that Storck-Burger was deliberately indifferent to the danger St. Clair posed, her argument fails and her motion must be denied.

Here, Plaintiff has adequately pled that Storck-Burger was deliberately indifferent to a serious threat in the form of St. Clair. Throughout his complaint, Plaintiff contends that St.

5

Clair suffers from a serious mental illness which results in him violently acting out by attacking other inmates. He has also alleged that this occurs more frequently when St. Clair fails to take his medication. Plaintiff likewise alleges that Storck-Burger knew that St. Clair was a threat to other prisoners, had a history of failing to take his medication, and yet recommended that St. Clair be released into general population without warning prison officials of the danger St. Clair posed to others, including Plaintiff, and without properly monitoring St. Clair's taking of his medication. Taking all of these allegations as true for the purposes of this motion, this Court finds that Plaintiff has more than adequately pled a claim for failure to protect in so much as he has pled facts suggesting that St. Clair was a danger to all other inmates based on his mental illness and history of violent attacks when off his medication, that Storck-Burger knew of this risk, and still chose to recommend his release back into general population without the monitoring of his medication, and that the result of that choice on her part was the assault Plaintiff suffered. While it remains to be seen whether he could prove his assertions true, Plaintiff's allegations, as pled, adequately state a claim for relief.

To the extent that Defendant relies on various cases in which summary judgment was granted in a defendant's favor where an attacker was known to have a history as a trouble maker but not known to be a direct danger to others, that reliance is misplaced. All of the cases Defendant cites for that proposition were dealing with a different stage of litigation – summary judgment – and a record that suggested that the attacker was known to be trouble or occasionally problematic, but was not known to be a direct threat of violence. *See Evans v. Cameron,* 442 F. App'x 704 (3d Cir. 2011) (affirming summary judgment where plaintiff failed to allege that defendants had prior knowledge of any threat of violence posed by an attacker prior to assault on

6

the plaintiff); *Bizzell v. Tennis*, 449 F. App'x 112 (3d Cir. 2011) (affirming grant of summary judgment where attacker had a history of trouble making, but had not had a history of fighting or other general violent incidents for two years); *Wise v. Ranck*, 340 F. App'x 765 (3d Cir. 2009) (affirming grant of summary judgment where failure to protect claim was based on an altercation between cell mates who did not get along, but where the plaintiff had not feared any attack by his cell mate and the prison guard had told the attacker that fighting would not be tolerated).  All of those cases are distinguishable from the allegations made by Plaintiff here – that St. Clair was a known risk of violent assault, especially when he stopped taking his medication, and that Defendant Storck-Burger knew of that risk of violence when she recommended he be returned to general population.  Plaintiff has alleged sufficient facts to state a plausible claim against Defendant Storck-Burger for her failure to protect him from the violent danger St. Clair posed to other inmates.  Defendant's motion to dismiss is therefore denied.

### III. CONCLUSION

For the reasons stated above, this court will deny Defendant Storck-Burger's motion to dismiss.  An appropriate order follows.


Dated: December 1, 2016                    *s/ Susan D. Wigenton*
                                           Hon. Susan D. Wigenton,
                                           United States District Judge