UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| BRIGHT, <br>              Plaintiff, <br> v. <br> TYSON, et al, <br>              Defendants. | Civil Action No. <br><br> 2:15-CV-08038-SDW-SCM <br><br> **OPINION** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Plaintiff Michael Nathaniel Bright's ("Mr. Bright") informal discovery motion seeking production of Mr. Shariff St. Clair's psychiatric records.[1] This informal motion was filed on the heels of the Court's order denying Defendant Lauren Storck-Burger's motion to dismiss and finding that Mr. Bright "has adequately pled that Storck-Burger was deliberately indifferent to a serious threat in the form of St. Clair."[2] Defendants Christopher Tyson and Gervasio Cordova (collectively, the "Officer Defendants"), and Ms. Storck-Burger (all together, the "State Defendants") oppose the motion.[3] The Court issued an Order to Show Cause "why defendants should not be ordered to produce Mr. St. Clair's last known address and/or his psychiatric records for the Court's *in camera* review."[4] The Court has reviewed the parties' respective submissions and decides these motions without oral argument. The Court reserves

---

[1] (ECF Docket Entry No. ("D.E.") 71).

[2] (D.E. 47, Dec. 1, 2016 Opinion at 5).

[3] (D.E. 78, 79).

[4] (D.E. 77, Apr. 13, 2017 Letter Order).

decision on Mr. Bright's motion and orders the State Defendants to produce Mr. St. Clair's last known address and his psychiatric records to the Court for *in camera* review.

I. **BACKGROUND AND PROCEDURAL HISTORY[5]**

Mr. Bright brought this civil rights action against the State Defendants and Mr. Shariff St. Clair.[6] The Court's opinion screening the complaint summarized the pertinent facts as follows:

> Plaintiff is a fifty-six year old convicted state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. (ECF No. 1 at 3, 7). Plaintiff's complaint concerns an attack he suffered in the prison's mess hall during the morning hours of October 24, 2014. (*Id.* at 6). At approximately 7:00 a.m., Plaintiff was standing in line to obtain breakfast. (Id.). Plaintiff alleges that, while he was in line, another inmate, Shariff St. Clair, suddenly began to repeatedly strike Plaintiff with his closed fists without any warning or apparent reason. (*Id.*). Plaintiff alleges that, while the attack was going on, two corrections officers, Defendants C. Tyson and Sergeant G. Cordova, were standing in another area of the mess hall having a conversation. (*Id.* at 7). Plaintiff alleges that neither officer took any action to prevent the attack, despite the fact that St. Clair was a known threat who had previously attacked others and who was known to suffer from some form of unstable mental illness. (*Id.*) Plaintiff alleges that even though the officers possessed mace and other equipment, they did not intervene when they saw that St. Clair was beating Plaintiff, and instead called in a response team. (*Id.* at 7-8).
>
> When the response team arrived, they quickly separated Plaintiff and St. Clair. (*Id.* at 8-9). According to Plaintiff, while the two were being separated, St. Clair continued to kick Plaintiff while Plaintiff took no action and gave officers no resistance. (*Id.*). Plaintiff alleges that the response team officers, despite Plaintiff's injuries and lack of resistance, thereafter held him down, handcuffed him, and ultimately sprayed him with a can of mace. (*Id.*)….
>
> ***
>
> Plaintiff received a disciplinary hearing on the charges against him. Based on St. Clair's testimony that he attacked Plaintiff because of the voices in his head, the hearing officer found Plaintiff not guilty of all of the

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1).

disciplinary charges against him. (*Id.* at 11). Plaintiff thereafter filed various grievances against the officers involved. (*Id.*).

Plaintiff alleges that Defendant [Lauren] Storck-Burger is a psychiatrist employed at Northern State Prison. (*Id.* at 12). Plaintiff alleges that Storck-Burger oversaw the mental treatment of St. Clair, and was aware that St. Clair had a history of mental illness and frequent violent incidents. (*Id.*). Plaintiff alleges that all of the officers in the facility were also aware of these frequent outbursts and attacks on other inmates. (*Id.*). Plaintiff alleges specifically as to Storck-Burger that she was also aware that St. Clair often failed to take his medications and that, in spite of her knowledge, Storck-Burger approved the release of St. Clair into the general population of the prison without properly monitoring St. Clair's medication. (*Id.*).[7]

On December 1, 2016, the Court denied Ms. Storck-Burger's motion to dismiss,[8] reasoning that Mr. Bright "has adequately pled that Storck-Burger was deliberately indifferent to a serious threat in the form of St. Clair."[9]

By letter dated December 24, 2016, Mr. Bright requested leave to file a motion to compel discovery.[10] The Court held a video status conference on January 13, 2017. Thereafter, the Court ordered the State Defendants to "submit a proposed discovery confidentiality order for the Court's review by 1/31/2017 that will authorize the production of defendant Shariff St. Clair's psychiatric records for *in camera* review and attorneys' eyes only in this litigation."[11] The proposed order was to be served upon Mr. St. Clair by the State defendants for his review and input.[12] The State Defendants did not comply with the Court's Order. Instead, Ms. Storck-Burger responded that Mr.

---

[7] (D.E. 3, Dec. 18, 2015 Opinion at 2-3).

[8] (D.E. 48).

[9] (D.E. 47, Dec. 1, 2016 Opinion at 5).

[10] (D.E. 60).

[11] (D.E. 61, Am. Sch. Order ¶ 2).

[12] (*Id.*).

3

"St. Clair's records are protected by the Health Insurance Portability and Accountability Act ("HIPAA")."[13]

On March 15, 2017, Mr. Bright filed an informal application to compel the production of Mr. St. Clair's psychiatric records.[14] On March 31, 2017, the State Defendants were ordered to respond to Mr. Bright's motion.[15] Ms. Storck-Burger filed an inadequate response[16] and the Officer Defendants did not respond at all.

On April 13, 2017, the Court again ordered the State Defendants "to file their opposition papers to Plaintiff Bright's informal discovery motion regarding Shariff St. Clair's psychiatric records."[17] The State Defendants were further ordered to show "cause why defendants should not be ordered to produce Shariff St. Clair's last known address and/or his psychiatric records for the Court's *in camera* review."[18]

On April 28, 2017, Ms. Storck-Burger filed her opposition to Mr. Bright's informal motion.[19] Her papers did not respond to the portion of the order to show cause concerning the production of Mr. St. Clair's last known address and/or his psychiatric records for the Court's *in camera* review. The Officer Defendants filed a letter joining in Ms. Storck-Burger's submission.[20]

---

[13] (D.E. 64).

[14] (D.E. 71).

[15] (D.E. 75).

[16] (*See* D.E. 76).

[17] (D.E. 77, Def. Opp.).

[18] (*Id.*).

[19] (D.E. 78, Def.'s Opp.).

[20] (D.E. 79).

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[21] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[22] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[23]

## III. DISCOVERY STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[24]

"Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."[25] A court may issue a protective order to regulate the terms, conditions, time or place of discovery.[26] If the records sought are subject to a privilege that prevents disclosure, this Court may issue an order to protect privileged information from disclosure.[27] The State Defendants bear the burden of showing good cause for the issuance of a

---

[21] 28 U.S.C. § 636(b)(1)(A).

[22] L. CIV. R. 72.1(a)(1); 37.1.

[23] § 636(b)(1)(A).

[24] FED. R. CIV. P. 26(b)(1)-(2).

[25] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (internal citation omitted).

[26] FED. R. CIV. P. 26(c).

[27] *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[28]

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[29] District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[30] Accordingly, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[31]

## IV. <u>DISCUSSION & ANALYSIS</u>

Mr. Bright requests that the State Defendants produce copies of Mr. St. Clair's psychiatric records. He acknowledges that HIPAA protects patient records, but cites regulatory exceptions that "permit covered entities such as defendants to disclose protected health information when certain requirements are met…."[32] The exception Mr. Bright relies upon concerns disclosure in response to an "order of a court or administrative tribunal."[33] Ms. Storck-Burger opposes,[34]

---

[28] *Id. (citing United States v. Garrett,* 571 F.2d 1323, 1326, n.3 (5th Cir. 1978) (additional citations omitted).

[29] Fed. R. Evid. 401.

[30] *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[31] FED. R. CIV. P. 26(b)(1).

[32] (D.E. 71, Pl. Br. at 2).

[33] (*Id.* at 2-3) (quoting 45 C.F.R. § 164.512(e)(1)(i)).

[34] (D.E. 78, Def.'s Opp.).

contending contends that the patient records are not relevant to Mr. Bright's claims, that they are protected by HIPAA and thus cannot be released to Mr. Bright or to the Court.[35]

A. Relevance

Ms. Storck-Burger essentially argues that Mr. Bright's claims against her have no merit and thus his request for the patient records is not relevant. Conversely, the Court denied Ms. Storck-Burger's motion to dismiss on December 1, 2016,[36] reasoning that Mr. Bright "has adequately pled that Storck-Burger was deliberately indifferent to a serious threat in the form of St. Clair."[37] She therefore cannot re-litigate that decision in opposition to Mr. Bright's discovery motion. The Court is required at this juncture to give Mr. Bright the benefit of all favorable inferences, and as a threshold matter finds that Mr. St. Clair's patient psychiatric records are relevant to the claims in this case.

B. HIPAA Protection

Ms. Storck-Burger's opposition brief states, in pertinent part, as follows:

HIPAA provides for the disclosure of such information in a judicial or administrative proceeding by a covered entity:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the

---

[35] (*Id.* at 2).

[36] (D.E. 48).

[37] (D.E. 47, Dec. 1, 2016 Opinion at 5).

7

> information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.[38]

The State Defendants oppose production, arguing that Mr. St. Clair has not consented to the release of his medical records, and thus they "cannot produce the requested discovery."[39] Their argument squarely addresses sub-paragraph (e)(1)(ii), however, it ignores sub-paragraph (e)(1)(i) and does not cite any reason why the records cannot be produced to the Court for *in camera* review.[40]

There is no doubt that "a health care provider may disclose medical information without violating HIPAA if served with (1) a court order authorizing the disclosure of such information or, alternatively, (2) a formal discovery request accompanied by certain required assurances and notices."[41] Mr. Bright's motion relies upon the former, section (e)(1)(i). The patient records sought strike at the heart of this action, i.e., whether Mr. Bright was injured as a result of deliberate indifference to a serious threat in the form of Mr. St. Clair. Accordingly, the Court overrules the State Defendants' objections and orders that Mr. St. Clair's psychiatric records for

---

[38] (D.E. 78, Def. Opp. at 3-4 (quoting 45 C.F.R. § 164.512 (e)(1)(i)).

[39] (*Id.* at 4).

[40] Mr. Bright's motion letter relies upon sub-paragraph (e)(1)(i). The State Defendants remaining arguments are not pertinent to the order to show cause and therefore need not be addressed.

[41] *Howard v. Rustin*, No. 06-200, 2007 WL 2811828, at *2 (W.D. Pa. Sept. 24, 2007) (quoting *Harris v. Whittington*, No. 06-1179, 2007 WL 164031, at *3 (D. Kan. Jan. 19, 2007)). *See also Beard v. City of Chicago*, No. 03 C 3527, 2005 WL 66074, at *3 (N.D. Ill. Jan. 10, 2005).

the three years preceding his assault on Mr. Bright be produced to the Court for *in camera* review.

V.  **CONCLUSION**

For the foregoing reasons, the Court rejects the State Defendants' arguments that the requested patient records are not relevant and are barred by HIPAA. The Court reserves decision on Mr. Bright's request to receive copies of the records pending *in camera* review.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/16/2017 11:22:50 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Michael Nathaniel Bright
454004
Northern State Prison
SBI #000918130a
168 Frontgate Road
P.O. Box 2300
Newark, NJ 07114-2300

9