# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MICHAEL NATHANIEL BRIGHT,<br><br>    Plaintiff,<br>v.<br><br>CHRISTOPHER TYSON, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:15-CV-8038-SDW-SCM<br><br>**OPINION ON PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**<br><br>**[D.E. 155]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Michael Bright's ("Mr. Bright") motion to file a second amended complaint.[1] Department of Corrections ("DOC") Officers Christopher Tyson ("Tyson") and Gervasio Cordova ("Cordova") (collectively, "the DOC Defendants") opposed the motion,[2] and Mr. Bright filed a reply.[3] The Court has reviewed the parties' respective submissions and heard oral argument on April 24, 2019.[4] For the reasons set forth herein, Mr. Bright's motion to file a second amended complaint is hereby **GRANTED**.

---

[1] (ECF Docket Entry No. ("D.E." 155, Pl.'s Mot. to File a Second Am. Compl.). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 157, Defs.' Opp'n).

[3] (D.E. 158, Pl.'s Reply).

[4] Fed. R. Civ. P. 78.

I.   **<u>BACKGROUND AND PROCEDURAL HISTORY[5]</u>**

This action arises from allegations that the Defendants violated Mr. Bright's civil rights after another inmate, Sharif St. Clair ("Mr. St. Clair"), attacked him on October 24, 2014 ("the 2014 incident").[6] The Court assumes the parties' familiarity with the factual background and procedural history in this matter; therefore, this Opinion will only discuss those facts necessary to adjudicate Mr. Bright's motion to file a second amended complaint.[7]

Mr. Bright filed his original complaint, *pro se*, in November 2015.[8] The Court entered a scheduling order that parties submit amended pleadings by July 2016 and ultimately extended this deadline to January 12, 2018.[9]

In September 2016, Mr. Bright submitted interrogatories requesting "the name and title of the person spraying the mace".[10] On May 5, 2017, the DOC Defendants served responses stating that they did not recall.[11] This Court granted Mr. Bright's motion for *pro bono* counsel and ordered the parties to exchange their initial disclosures by September 19, 2017.[12] On October 25, 2017,

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 106, Pl.'s Am. Compl.).

[7] (D.E. 155, Pl.'s Mot. to File a Second Amended Compl.).

[8] (D.E. 1, Compl.).

[9] (D.E. 16, Order; D.E. 61, Order; D.E. 93, Order; D.E. 96, Order).

[10] (D.E. 44).

[11] (D.E. 155, Exhibit M; D.E. 155, Exhibit N).

[12] (D.E. 88, Letter Order; D.E. 89, Clerk's Letter). After the DOC Defendants failed to meet the September 19, 2017 initial disclosure deadline, this Court extended it to October 6, 2017. (D.E. 93). After the DOC Defendants failed to meet the October 6, 2017 deadline, this Court ultimately extended it to November 20, 2017. (D.E. 96).

without having produced initial disclosures, the DOC Defendants submitted a set of documents several thousands of pages in length ("the DOC report") to Mr. Bright's counsel, Peter Gallagher, Esq. ("Mr. Gallagher") that identified Ian Marsh ("Mr. Marsh") as the officer that sprayed Mr. Bright with mace.[13] The DOC report also identified Jermaine Duncan ("Mr. Duncan") as the supervising sergeant who ordered the use of mace and physical force on Mr. Bright.[14] The DOC Defendants instructed Mr. Gallagher that the DOC report was subject to the Court's Discovery Confidentiality Order, but did not indicate which documents therein were for Attorneys' Eyes Only ("AEO").

On November 1, 2017, the DOC Defendants produced their initial disclosures. These disclosures were to include "the name…of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses…."[15] The DOC Defendants, however, named only themselves, Mr. Bright, and Mr. St. Clair as individuals likely to have discoverable information. They did not identify Mr. Marsh or Mr. Duncan as persons with information.

On February 16, 2018, the parties entered a stipulation whereby the DOC Defendants consented to Mr. Bright's filing of an amended complaint.[16] Mr. Bright then filed an amended complaint including as John Doe defendants DOC employees that responded to or witnessed and failed to prevent the 2014 incident, adding a fraudulent concealment claim against "Tyson,

---

[13] (D.E. 155, Ex. G).

[14] (D.E. 155, Ex. H).

[15] Fed.R.Civ.P. 26(a)(1)(A)(i).

[16] (D.E. 105, Stipulation).

3

Cordova, and the Officer Defendants" for failure to preserve videotape of the attack, and adding medical Defendants.[17] The DOC Defendants answered on March 5, 2018.[18]

On March 22, 2019, Mr. Bright filed the instant motion seeking to substitute Mr. Marsh and Mr. Duncan (collectively, "the Proposed Defendants") for John Doe defendants and to add allegations in support of his fraudulent concealment claim.[19] The DOC Defendants opposed substitution of the Proposed Defendants, asserting undue delay, prejudice to the Defendants, Mr. Bright's failure to exercise due diligence, and futility.[20]

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[21] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[22] Motions to amend are non-dispositive.[23] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[24]

---

[17] (D.E. 106, Pl.'s Am. Compl.).

[18] (D.E. 109, Answer to Am. Compl.).

[19] (D.E. 155, Pl.'s Mot. to File a Second Amended Compl.).

[20] (D.E. 157, Defs.' Opp'n).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] L. Civ. R. 72.1(a)(1).

[23] *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[24] 28 U.S.C. § 636(b)(1)(A).

## III.   DISCUSSION & ANALYSIS

As an initial matter, the Court must determine whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure applies.[25] Generally, courts are to freely give leave to amend under Rule 15, but Rule 16 requires the movant to demonstrate "good cause".[26] Mr. Bright filed his motion for leave to amend his first amended complaint after the January 12, 2018 deadline, and the DOC Defendants oppose his late filing.[27] Therefore, Mr. Bright must show "good cause" for his failure to comply with the supplemental scheduling order before the Court can consider his motion.[28]

### A.  Rule 16 "Good Cause" Analysis[29]

"Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to

---

[25] *See Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2–3 (D.N.J. Apr. 15, 2013) (internal citation omitted).

[26] *See id.* (internal citations omitted).

[27] (D.E. 91, Order; D.E. 157, Defs.' Opp'n).

[28] *See Assadourian v. Harb*, 430 F. App'x 79, 81 (3d Cir. 2011) (where deadlines fixed by the court's scheduling order expire, a party must show "good cause" under Rule 16(b) to amend).

[29] The DOC Defendants contend that Rule 16 does not apply because the Court permitted Mr. Bright to file his first amended complaint on stipulation. However, the Court did not indicate any intention to, nor did the parties request that it nullify the amendment deadline in its scheduling order. *See* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Even if it had, in the absence of an amendment deadline, this Court has applied Rule 16(b) using the discovery deadline. *Smith v. Honeywell Intern., Inc.*, 2014 WL 301031, at *5 (D.N.J. Jan. 27, 2014) ("Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if any possibility to amend the pleadings would expire when discovery closed.") (internal citations omitted). Here, the discovery deadline and amendment deadline were both January 12, 2018.

amend."[30] What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case."[31] The Court has discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[32] Whether good cause exists largely depends on the diligence of the moving party.[33] The Court has discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[34]

As to Mr. Bright's fraudulent concealment claim, Mr. Bright seeks to add the allegation that he requested that video documentation of the 2014 incident be preserved within the DOC's 21 to 30-day timeframe, after which videotapes may be overwritten. He asserts that he could not add the allegation prior to the January 2018 deadline because it was not until April 2018, through a deposition, that he learned that the tape would have been overwritten outside of the timeframe. The DOC Defendants' only opposition is that the request forms Mr. Bright allegedly submitted were not produced during discovery and were not signed, and thus lack evidence that the forms were ever submitted. These objections are premature and irrelevant to a good cause assessment on

---

[30] *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citing *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3rd Cir. 2000)).

[31] *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2017) (citing *6A Alan Wright et al., Federal Practice & Procedure* § 1522.2, at 313 (3d ed. 2010)).

[32] *See Phillips v. Greben*, No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (internal quotations omitted); *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (citing *3 James W. Moore et al., Moore's Federal Practice* § 16.14[1] [b] (3d ed.1997)).

[33] *Phillips*, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)).

[34] *Schwartz v. Avis Rent a Car Sys., LLC*, No. 11-4052, 2013 WL 2182078, at *3 (D.N.J. May 20, 2013) (citations omitted).

a motion to amend. Based on the foregoing, it appears that Mr. Bright has shown the requisite good cause to add the allegation in support of his fraudulent concealment claim.

As to the Proposed Defendants, Mr. Bright asserts that, although Mr. Gallagher received documents identifying the Proposed Defendants in October 2017, it was only after the DOC Defendants clarified the documents' confidentiality designations in November 2018 that Mr. Bright's new counsel were able to share them with Mr. Bright. The DOC Defendants disagree, arguing that Mr. Gallagher could have shared the DOC report with Mr. Bright despite their failure to respond to requests for clarification. Notwithstanding the error in the DOC's contention that the Discovery Confidentiality Order allowed AEO documents to be shared with clients, a more glaring issue exists. Regardless of the confidentiality designations, the DOC Defendants failed to include the Proposed Defendants in both their interrogatory responses and in their initial disclosures in 2017.

While the DOC's discovery omissions in no way obviate Mr. Bright's diligence requirement, Mr. Bright diligently served interrogatories *pro se* in September 2016, more than a year before the amendment deadline. Through these interrogatories, Mr. Bright sought the identity of the officer who sprayed him with mace, presumably seeking to add the officer, now identified as Mr. Marsh, as a party to this action. Although the DOC Defendants had a "continuing burden" to timely supplement their interrogatory responses as to "persons having knowledge of discoverable matters," they did not.[35] Further, the DOC Defendants failed to include Mr. Marsh, Mr. Duncan, or any other witnesses unknown to Mr. Bright in their initial disclosures, even though the DOC report they provided one week prior identified them and several others as witnesses or

---

[35] Fed. R. Civ. P. 26(e) advisory committee's note to 1970 amendment.

actors during the 2014 incident. Had the DOC Defendants included the Proposed Defendants in their discovery, Mr. Bright certainly would have had the information necessary to amend prior to the amendment deadline, regardless of the confidentiality designations of the DOC report. Thus, the Court finds that Mr. Bright has met his burden of establishing good cause under Rule 16.

**B. Rule 15 Analysis**

While the decision to grant or deny leave to amend is within the court's broad discretion, courts are to "freely give leave [to amend] when justice so requires"; this liberal approach to amendment "ensures that a particular claim will be decided on the merits rather than on technicalities.[36] Courts generally grant leave to amend unless the nonmovant shows one of the following: (1) undue delay; (2) bad faith or dilatory motive in seeking the amendment; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposition; (5) futility of the amendment.[37] This list is not exhaustive; the court may "ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff."[38]

1. Undue Delay

"While simple delay cannot justify denying leave to amend by itself, delay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of

---

[36] *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (C.A.3, 1990).

[37] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Conover v. Rash Curtis & Associates*, 2016 WL 3708656, at *2 (D.N.J. 2016).

[38] *Mullin v. Balicki*, 875 F.3d 140, 150 (C.A.3 (N.J.), 2017).

8

leave."[39] There is no presumptive period in which delay becomes undue.[40] Thus, an assessment of undue delay requires courts to "focus on the movant's reasons for not amending sooner" while "bearing in mind the liberal pleading philosophy of the federal rules."[41]

Here, Mr. Bright seeks to amend the complaint approximately three-and-a-half years after filing the original and approximately a year after filing the first amended complaint. The DOC Defendants argue that Mr. Bright's delay in naming the Proposed Defendants as John Doe parties is undue because Mr. Bright failed to identify them in the first amended complaint. While Mr. Gallagher's ability to share the information with Mr. Bright is contentious, the fact remains that the DOC Defendants were required to identify the Proposed Defendants in their initial disclosures or discovery responses. Had they done so, the delay may have been undue. However, those are not the facts before us. The DOC Defendants instead produced a single document several thousand pages in length which included handwritten mention of the identities of the Proposed Defendants.[42]

Mr. Bright's counsel received their confirmation of the confidentiality designations on November 27, 2018. Mr. Bright's counsel then sought out information on the Proposed Defendants and requested the Defendants' consent to add the Proposed Defendants the day they obtained this information in February 2019. For the foregoing reasons, the Court finds that the delay is not undue and this factor weighs in favor of amendment.

---

[39] *Id.* at 151.

[40] *Id.*

[41] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

[42] *See* Eli Lilly & Co. v. Actavis Elizabeth, LLC, 2010 WL 1931233 (D.N.J. May 7, 2010) (citing Muldrow v. Brooks, 34 Fed.Appx. 854, 854 (3d Cir. 2002) (stating "the mere mention of an individual's identity during the course of a deposition is not sufficient" to satisfy the requirements of Rule 26(a) and (e)).

2. Bad Faith or Dilatory Motive

The DOC Defendants do not contend, and this Court does not find, that Mr. Bright seeks leave to file this amendment in bad faith or with a dilatory motive. Thus, this factor weighs in favor of amendment.

3. Repeated Failure to Cure Deficiencies by Amendments Previously Allowed

The DOC Defendants do not allege, and this Court does not find, that Mr. Bright has repeatedly failed to cure deficiencies by amendments previously allowed. Only one amendment has been allowed previously. Thus, this factor weighs in favor of amendment.

4. Prejudice

The Court will next examine the prejudice to the DOC Defendants. In evaluating whether a proposed amendment will unfairly prejudice the non-moving party, "courts consider whether permitting the amendment would (1) require defendants to expend significant extra resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction."[43]

The DOC Defendants assert they will be prejudiced by an amendment because "[a]dding new parties and claims would require additional discovery, likely involve additional motion practice…, would delay these proceedings further" and because the lapse of time has resulted in witnesses' faded memories.[44] First, the Proposed Defendants are not new parties, but rather substitutions for fictitious parties described in both Mr. Bright's original and first amended complaints. Second, the DOC Defendants fail to identify which, if any, motions would likely result

---

[43] *Formosa Plastics Corp., U.S.A. v. ACE American Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

[44] (D.E. 157, Defs.' Opp'n).

10

as a result of amendment that would not have been filed absent amendment. Third, the DOC Defendants were not only aware that John Doe parties may have been substituted, but also possessed the documentation identifying which parties may have been substituted. Thus, the DOC Defendants had ample time to prepare for the potential substitution of the fictitious parties for the Proposed Defendants. Fourth, witnesses may very well be guided by the DOC report, which contains detailed witness reports from Mr. Duncan, Mr. Marsh, and multiple others.

Further, the DOC Defendants are largely the cause of the delay on which they base their prejudice. As addressed, the DOC Defendants' failure to identify Officers Marsh and Duncan in their initial disclosures or discovery responses, or to respond to the multiple inquiries regarding the confidentiality designations substantially contributed to this delay.

Finally, the DOC Defendants do not contend, and this Court does not find, that permitting amendment would prevent any party from bringing a timely action in another jurisdiction.

Based on the foregoing, the Court finds that the prejudice factor weighs in favor of amendment.

5. Futility

When the amendment seeks to add a claim after the applicable statute of limitations has run, the Court must determine whether the time-barred claims relate back to the date of the original complaint, or else it will be considered futile. An amendment to a pleading relates back to the date of the original pleading if the law that provides the applicable statute of limitations allows relation back.[45] Claims arising in New Jersey under 42 U.S.C. § 1983 are governed by New Jersey's two-year statute of limitations for personal injury claims.[46] The allegations against the Proposed

---

[45] Fed. R. Civ. P. 15(c)(1)(A).

[46] *Cruz v. City of Camden*, 898 F. Supp. 1100, 1106 (1995).

Defendants concern events that allegedly occurred on October 24, 2014. Accordingly, the two-year statute of limitations period would have expired on October 24, 2016.

The applicable rule provides that if "defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification."[47] The Third Circuit has established that this "fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint."[48] Additionally, application of the fictitious party rule must not prejudice the proposed defendant "by the delay in [plaintiff's] identification as a potentially liable party and service of the amended complaint."[49] Courts assess whether a plaintiff may avail himself of the Rule using three factors: (1) whether plaintiff exercised due diligence in identifying the proposed defendants; (2) whether the lapse of time has prejudiced the proposed defendants; and (3) whether plaintiff acted with due diligence in substituting the proposed defendants once they were identified.[50]

   a. Prejudice to the Proposed Defendants

The Court will first address prejudice to the Proposed Defendants. There are "certain

---

[47] N.J. Court R. 4:26-4.

[48] *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 (3d Cir. 2004).

[49] *Claypotch v. Heller Inc.*, 360 N.J. Super. 472, 480, 823 A.2d 844 (App. Div. 2003) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 122, 299 A.2d 394 (1973).

[50] *See Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 277 (3d Cir. 2004). *See also DeRienzo*, 357 F.3d at 353 (3d Cir. 2004) (finding that this "fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint."). *See also Claypotch*, 360 N.J.Super. at 823 (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 122, 299 A.2d 394 (1973) (stating that application of the fictitious party rule must not prejudice the proposed defendant "by the delay in [plaintiff's] identification as a potentially liable party and service of the amended complaint.").

factors where substitution of a newly-named defendant would cause substantial prejudice," including "destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay."[51]

First, while videotape of the incident has been destroyed, there is no indication that any portion of the DOC report identifying the Proposed Defendants, and the numerous reports from witnesses therein, has been destroyed or altered. The Court also notes the factual dispute as to the reasoning behind the tape's destruction and the pending fraudulent concealment claim against the DOC. Second, there has been no representation made that the Proposed Defendants will be unable to request additional discovery from this Court, should they desire it. Finally, while the DOC Defendants contend that Mr. Duncan has no memory of the incident, he and other witnesses may be guided by the DOC report, which again contains witness reports from himself, Mr. Marsh, and multiple others. Further, as in *DeRienzo v. Harvard Industries, Inc.*, the "initial discovery [period] served mainly to identify [the Proposed Defendants], so [their] interests do not appear to have been harmed."[52]

  b. Diligence

---

[51] *DeRienzo*, 357 F.3d at 356. The Court in *DeRienzo* noted that New Jersey appellate courts have taken different approaches in assessing prejudice based on time delay. *See Johnston v. Muhlenberg Reg'l Med. Ctr.*, 326 N.J.Super. 203, 740 A.2d 1122, 1125 (1999) (holding that defendant "was prejudiced by the passage of time, even if only in the context of her right to repose" when plaintiff moved to amend the complaint to add a named defendant eight months after the statute of limitations had expired); *Mears v. Sandoz Pharms., Inc.*, 300 N.J.Super. 622, 693 A.2d 558, 562–63 (1997) (finding "there cannot be any doubt that a defendant suffers some prejudice merely by the fact that it is exposed to the potential liability for a lawsuit after the statute of limitations has run."). *But see Claypotch*, 360 N.J.Super. at 823 (holding that, although a defendant may suffer some prejudice through exposure to liability, "justice impels strongly towards affording the plaintiffs their day in court" unless the lapse of time has resulted in a loss of evidence, advantage to plaintiffs or impairment of the ability to defend).

[52] *Id.* at 557.

The DOC Defendants argue that Mr. Bright did not exercise due diligence. However, the four cases they rely on are inapplicable. In the first case, *Dziubek v. Cedar Glen Lakes, Inc.,* the plaintiff presented no evidence regarding any efforts to identify the fictitious party.[53] Here, Mr. Bright's interrogatories specifically asked for the "name and title of the person spraying the mace" as well as the identities of other actors.[54] As to Mr. Duncan, while Mr. Bright did not specifically request the name and title of the party that ordered the spraying, this Court recognizes both that he made this request while *pro se* and the Third Circuit's liberal amendment standard. After the identities were apparent to Mr. Gallagher, he made inquiries into whether he could share the information with Mr. Bright, which the DOC Defendants largely ignored.[55] In July 2018, after Mr. Gallagher withdrew, Mr. Bright, *pro se* raised to the court concerns as to which documents he was permitted to view.[56]

Similarly, in the second case, *Cardona v. Data Sys. Computer Ctr.*, the Superior Court of New Jersey found the diligence requirement was not met when a plaintiff in a motor vehicle accident case named the driver of the vehicle as John Doe when the police report identified the driver.[57] In the instant case, Mr. Bright's efforts far surpassed the efforts of the plaintiff in *Cardona*.

---

[53] *Dziubek v. Cedar Glen Lakes, Inc.*, 2016 WL 3909536 (App. Div. 2016).

[54] (D.E. 155, Ex. M).

[55] (D.E. 95).

[56] (D.E. 125).

[57] *Cardona v. Data Sys. Computer Ctr.*, 261 N.J. Super. 232, 234-35, 618 A.2d 864 (App. Div. 1992).

The third and fourth cases the DOC Defendants cite suffer similar dissimilarities.[58] Notably, in the fourth case, the Third Circuit held that the plaintiff did not meet the diligence requirement when the plaintiff failed to depose any of the officers identified in the initial disclosures to determine the correct identity of the officer who arrested her. Here, Mr. Bright not only deposed the officers listed in the initial disclosures, but also made several requests to the DOC Defendants to produce them at all.

As discussed at length in its Rule 16 analysis, this Court finds that Mr. Bright and his counsel acted diligently in both identifying and substituting the Proposed Defendants after they were identified. Accordingly, the Court finds that the relation back doctrine applies and the amendment adding the Proposed Defendants and excessive force allegations is not futile.

## IV. CONCLUSION

As Mr. Bright has demonstrated good cause under Rule 16 and has met the Rule 15 standard, his motion for leave to file a second amended complaint is **GRANTED**.

An appropriate Order follows:

**ORDER**

**IT IS** on this Tuesday, June 25, 2019,

**ORDERED**, that Mr. Bright's motion to file a second amended complaint is **GRANTED and** his pleading shall be filed within ten (10) days. Responses shall be filed in accordance with

---

[58] *Younger v. Kracke*, 236 N.J. Super. 595, 566 A.2d 581 (Law Div. 1989) (denying leave to amend where plaintiff failed to make a call to the police or obtain the accident report which would have revealed the identities of the fictitious parties); *see Garvin v. City of Philadelphia*, 354 F.3d 215 (3d Cir. 2003) (denying leave to amend where plaintiff did not diligently seek to determine the identity of the arresting officer).

Federal Rule of Civil Procedure 15(a)(3) and counsel shall confer regarding a proposed schedule to complete discovery and present a joint proposal within 14 days.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/25/2019 6:25:20 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
File